# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMEGA INDUSTRIAL MARINE, a corporation; and GREG LEWIS, an individual,<br><br>         Plaintiffs,<br>vs.<br>"BEBELI PRIDE," Official No. LCV1610, her engines, tackle, furniture and appurtenances, *in rem*; PACIFIC MARINE INDUSTRIES LIMITED, an Australian Entity; and JAMIE JACKSON, an individual, *in personam*,<br><br>         Defendants. | CASE NO. 10-CV-2689-H (CAB)<br><br>**ORDER DENYING MOTION FOR COUNTERSECURITY** |
| PACIFIC MARINE INDUSTRIES LTD., a Papua New Guinea Entity<br><br>         Counterclaimants,<br>vs.<br>OMEGA INDUSTRIAL MARINE, a corporation; and GREG LEWIS, an individual,<br><br>         Counterdefendants. | |

On February 14, 2011, Defendant and Counterclaimant Pacific Marine Industries Ltd. ("PMI") filed a motion for countersecurity pursuant to Supplemental Admiralty Rule E(7). (Doc. No. 23.) On February 28, 2011, Plaintiffs and Counterdefendants Omega Industrial Marine and Greg Lewis (collectively "Omega") filed a response in opposition to PMI's motion. (Doc. No. 25.) On March 7, 2011, PMI filed its reply. (Doc. No. 27.) The Court determined this matter to be appropriate for resolution without oral argument and submitted it on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 26.) For the reason below, the Court DENIES PMI's motion for countersecurity.

## Background

On December 30, 2010, Omega filed a verified complaint for money damages against Defendants vessel BEBELI PRIDE, PMI, and Jamie Jackson. (Doc. No. 1.) On December 30, 2010, the Court granted Plaintiffs' Application for Order Authorizing Issuance of Warrant for Arrest of the vessel BEBELI PRIDE. (Doc. No. 5.) On January 10, 2011, the Court granted the parties' joint motion pursuant to Supplemental Admiraltry Rule E(5)(c) to release Defendant vessel BEBELI PRIDE pursuant to security in the sum of $350,000.00 being deposited with the Court. (Doc. No. 15.) On January 10, 2011, PMI deposited $350,000.00 into the Registry of the Court. (Doc. No. 14.)

On January 26, 2011, PMI filed an answer to Omega's complaint and counterclaims against Omega alleging (1) breach of contract; (2) unjust enrichment; (3) negligence; (4) fraud; (5) negligent misrepresentation; (6) breach of implied warranty of workmanlike performance; and (7) accounting. (Doc. No. 20.) By the present motion, PMI seeks countersecurity from Omega in the amount of $350,000.00 for its counterclaims. (Doc. No. 23.)

## Discussion

PMI argues that it is entitled to countersecurity because its counterclaims are not frivolous, and they arise from the same agreement that is the subject of the original action. (Doc. No. 23 at 5, 7-8.) Omega argues that Rule E(7) is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit. (Doc. No. 25-1 at 4-5.)

///

Supplemental Admiralty Rule E(7)(a) provides in relevant part:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaims unless the court for good cause shown, directs otherwise.

The intent of this requirement is "to place the parties on an equality as regards security." Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39 (1924). "Although the language of the rule is automatic, it is not absolute; for the original seizing complainant may be excused by the court 'for good cause shown,' which is relegated to the sound discretion of the district court." MMI Int'l, Inc. v. M/V Skyros, 1990 U.S. Dist. LEXIS 19093, at *16 (N.D. Cal. 1990); see also Result Shipping Co. v. Ferruzzi Trading USA, 56 F.3d 394, 399 (2d Cir. 1995); Titan Navigation, Inc. v. Timsco, Inc., 808 F.2d 400, 403 (5th Cir. 1987). Good cause exists where the requirement of countersecurity would prevent the plaintiff from bringing suit. See Results Shipping, 56 F.3d at 400 ("the Rule is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit"); Seaworthy Serv., Inc. v. NANEA, 2009 U.S. Dist. LEXIS 40750, at *5 (W.D. Wash. 2009).

Omega's owner and president Greg Lewis stated in a sworn declaration that:

> Omega Industrial Marine is a small business and therefore the burden of posting countersecurity, as demanded by Pacific Marine Industries, Ltd., is so great that Omega Industrial Marine would be unable to comply with an order demanding such countersecurity. This would essentially prevent Omega from pursuing its affirmative lien claim against the vessel BEBELI PRIDE.

(Doc. No. 25-2 ¶ 3.) Exercising its sound discretion, the Court concludes that good cause exists to excuse Omega from posting countersecurity in this action. Accordingly, the Court declines to require countersecurity from Omega at this time.

///
///
///
///
///

**Conclusion**

For the reasons above, the Court DENIES PMI's motion for countersecurity.

**IT IS SO ORDERED.**

DATED: March 11, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT